IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVIS M. BONTE and
JOLENE A. BONTE,

              Plaintiffs,

  v.

US. BANK, N.A.,

              Defendant.

ORDER

08-cv-696-slc

---

In this case, plaintiffs Travis M. Bonte and Jolene A. Bonte seek rescission of their mortgage on the ground that defendant U.S. Bank, N.A. is a successor in interest to a mortgage lender that violated the Federal Truth In Lending Act by misstating certain charges related to the mortgage loan that plaintiffs received. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that none of the allegedly misstated charges plaintiffs identify in their complaint are "material" under the Truth In Lending Act and none may therefore serve as grounds for rescission[1]. *See* dkt. 9. Plaintiffs have not provided any meaningful, substantive arguments in response. This operates as a waiver and it leads to dismissal.

Although the pleading requirements of F.R. Civ. Pro. 8(a) are low, "a complaint that satisfies Rule 8(a)'s pleading requirements might still warrant dismissal under Rule 12(b)(6) if the facts pled cannot result in any plausible relief." *Segal v. Geisha NYC LLC,* 517 F.3d 501, 505 (7th Cir. 2008). So, although notice pleading still is the norm and the court must accept plaintiffs' recited facts as true, plaintiffs still are obliged to provide sufficient grounds of their

---

[1] Plaintiffs seek other relief related to their request for rescission, such as attorney fees and statutory damages arising "should defendant fail to honor" plaintiffs' request for rescission. Missing is any request for damages for the alleged Truth In Lending Act violations, presumably because such request would be barred by a one-year statute of limitations. *See* 15 U.S.C. § 1640.

entitlement to relief, an obligation that requires more than labels and conclusions. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 665 (7th Cir. 2007) (*citing Bell Atlantic Corp. Vv. Twombly*, 550 U.S. 544, 127 S.Ct. at 1964-64 (2007)).

Plaintiffs allege in their December 10, 2008 complaint for rescission that ten different charges were misstated in closing documents for a mortgage loan they received on December 30, 2005 from defendant's predecessors in interest. Those ten charges were: disbursement of loans made to creditors, two mortgage payoffs, proceeds from a second mortgage, property taxes, title insurance, ARM endorsement, recording service fee, courier fee and settlement fees.

As a general rule, rescission of a mortgage for violations of the Truth In Lending Act must be sought within three days of closing on a mortgage. 15 U.S.C. § 1635 (a). The time for bringing an action for rescission may be extended to three years if the lender failed make certain "material disclosures" at closing. *Id.*, §§ 1635(a), (f). The term "material disclosures" is defined as: "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and [other disclosures not at issue in this case]." 12 C.F.R. § 226.23(a)(3).

In their motion to dismiss, defendant analyzes each of the ten charges specified by plaintiffs (at pp. 3-5 of their complaint, dkt. 1), asserting that none is a "material disclosure" as that term has been defined under the Truth in Lending Act.

Plaintiffs respond with a six-pages restatement of their allegations, followed at pp. 7-11 with unhelpful legal boilerplate describing the general standards applicable to Truth In Lending cases. The only paragraph that discusses the merits of plaintiffs' case sets forth a string of conclusory statements such as "[p]laintiffs . . . have properly alleged Defendant's liability" and

"[p]laintiffs have identified voluminous errors in the TILA disclosures." *See* dkt. 13 at 10-11. Entirely missing from plaintiffs' opposition is any substantive response to defendant's specific arguments that the charges identified in the complaint are not "material disclosures" as that term is defined in the Truth In Lending Act. The closest plaintiffs come is a conclusory statement on page two that the "numerous inaccurate and inconsistent disclosures and statements" identified in their complaint "combine to misstate the APR, the amount financed and finance charge associated with this transaction." *Id.* at 2. Plaintiffs do not support this assertion with any analysis, argument or case citations.

The law of this circuit is clear and longstanding: failure to oppose an argument constitutes waiver. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (court held that plaintiff had waived right to challenge defendant's assertion of statute of limitations defense by failing to oppose defendant's argument in response to motion to dismiss); *Cincinnati Insurance Co. v. Eastern Atlantic Insurance Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (plaintiff's failure to mention defendant's argument regarding scope of insurance policy exclusion treated as "acquiescence" to defendant's interpretation, rendering unnecessary any substantive determination by the court). Plaintiffs' failure has the entirely predictable effect of conceding that the charges plaintiffs identify in the complaint are not "material" and fail to establish grounds for rescission beyond the three-day limitations period.

Apart from –and perhaps the cause of?– plaintiffs' waiver is the correctness of defendant's argument. Calling a fee a "material disclosure" doesn't make it one. *Cf. Guise v. BWM Mortgage LLC*, 377 F.3d 795, 799 (7th Cir., 2004) (relying on TILA's definitions of types of fees and charges to be included in computation of finance charges, court affirms dismissal of TILA

3

complaint pursuant to Rule 12(c)).  *See also Voeks v. Pilot Travel Centers*, 560 F.Supp.2d 718, 720 (E.D. Wis. 2008)(on motion to dismiss, court not bound to accept as true a legal conclusion couched as a factual allegation).

Because rescission is plaintiffs' only independent request for relief, I will dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendant U.S. Bank, N.A. is GRANTED and plaintiffs' complaint is DISMISSED with prejudice for failure to state a claim upon which relief is granted.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 4th day of May, 2009.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge